ROBERT P. ANDRIS  (SBN: 130290)
MICHAEL D. KANACH  (SBN: 271215)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054

Attorneys for Plaintiff,
ALLIED LOMAR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALLIED LOMAR, INC.<br><br>                     Plaintiff,<br><br>        vs.<br><br>DIAGEO NORTH AMERICA, INC.; and DOES 1 through 10, inclusive,<br><br>                     Defendants. | CASE NO. _____<br><br>**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C., § 1114 et seq., AND 15 U.S.C. § 1125(a)] AND DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ALLIED LOMAR, INC. ("Plaintiff"), for its Complaint for Trademark Infringement and Declaratory Relief, alleges as follows against Defendant DIAGEO NORTH AMERICA, INC. ("Diageo") and DOES 1-10 (hereinafter collectively, "Defendants"):

**I.**

**INTRODUCTION**

1. This is an action to redress violations of the federal trademark and unfair competition laws under the Lanham Act (15 U.S.C. § 1114 *et seq*., and § 1125 *et seq*.), as the result of Defendants' willful and unauthorized use of Plaintiff's registered trademark and trade name, as more fully set forth herein.  Plaintiff seeks declaratory and injunctive relief restraining Defendants' infringement of Plaintiff's trademarks and trade names, as well as ongoing damages that are the direct and proximate result of the continued infringement.  In addition to the

-1-

PLAINTIFF'S COMPLAINT FOR TRADEMARK INFRINGEMENT                                                              Case No.:

foregoing relief, Plaintiff seeks the express abandonment of Diageo's applications for trademark protection for the trademarks containing "Stitzel" or "Stitzel-Weller."

## II.

## THE PARTIES

2. Plaintiff Allied Lomar, Inc., is a California corporation organized and existing under the laws of California with a principal place of business at 401 California Drive, Suite 500, Burlingame, California 94010. Plaintiff is in the business of selling, marketing, and distributing distilled spirits, including bourbon whiskey under the federally registered trademark "STITZEL."

3. Upon information and belief, Diageo, is a company organized an existing under the laws of Connecticut, with a principal place of business at 801 Main Avenue, Norwalk, CT 06851, with several addresses in the State of California, including an address in San Francisco, California at 1160 Battery Street, San Francisco, CA 94111.

4. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this Complaint when the names of said Defendants have been ascertained.

5. Plaintiff is informed and believes, and upon such information and belief alleges, that at all times herein mentioned Defendant DOES 1 through 10, inclusive, were the agents, employees, servants, consultants, principals, employers or masters of each of their Co-Defendants and each Defendant has ratified, adopted or approved the acts or omissions hereinafter set forth of the remaining Defendants. Plaintiff is further informed and believes, and upon such information and belief alleges, that each of these fictitiously named Defendants is responsible in some manner for acts and/or omissions herein alleged.

6. Upon information and belief, Defendants individually and collectively are involved in the distilling, distribution, marketing, offering for sale, and/or sale of distilled spirits, including bourbon whiskey marketed and sold using the unregistered marks containing the words "STITZEL-WELLER."

7. Upon information and belief, Defendants advertise and market their distilled

PLAINTIFF'S COMPLAINT FOR TRADEMARK INFRINGEMENT                                    Case No.:

spirits, including STITZEL-WELLER Blade and Bow bourbon whiskey, in stores, including stores in California, online and through various websites, including the website Caskers.com, and have marketed, advertised, offered for sale and/or sold their products, including STITZEL-WELLER Blade and Bow bourbon whiskey, to customers in the state of California and distributors who distribute to the state of California. For example, Defendants and/or their agents advertise that their STITZEL-WELLER Blade and Bow bourbon whiskey participated in the San Francisco World Spirits Competition in San Francisco, California.

### III.

### **JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), in that this case arises under the trademark laws of the United States. Specifically, this is an action for federal trademark infringement arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114 *et seq.*; and federal trademark infringement and unfair competition because of false advertising and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

9. Plaintiff seeks declarations pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual controversy exists under the Declaratory Judgment Act because Plaintiff is asserting a likelihood of confusion between Plaintiff's registered mark and Defendant's mark. Further, Plaintiff is alleging infringement of its registered trademark by Defendant and alleging that Defendant filed trademark applications for similar, almost identical marks which applications were intentionally filed in several International Classes other than the International Class in which Plaintiff has a registered trademark in an effort to avoid refusals based on the Plaintiff's mark and to hide the fact that the mark would be used as an indication of source on whiskey bourbon.

10. This Court has personal jurisdiction over Defendants, and venue is proper in this Judicial District pursuant to 28 U.S.C. § l391(b) because, *inter alia*, (a) Defendants and/or their agents, are doing substantial and related business in this District; and (b) events giving rise to this lawsuit, as well as substantial injury to Plaintiff, have occurred or will occur in interstate

-3-
PLAINTIFF'S COMPLAINT FOR TRADEMARK INFRINGEMENT                                              Case No.:

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

commerce, in the State of California, and in the Northern District of California, as a result of Defendants' violations of the asserted trademark as alleged in detail below. Defendants and/or their agents have purposefully availed themselves of the opportunity to conduct commercial activities in this forum.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) in that Defendants conduct commercial activities in this District, and pursuant to 28 U.S.C. § 1391(c) as Defendants are corporations and are deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

## IV.

## INTRADISTRICT ASSIGNMENT

12. This is an intellectual property action, and therefore shall be assigned on a district-wide basis per Civil L.R. 3-2(c).

## V.

## FACTS

**A.    Plaintiff's Registered Trademark**

13. Plaintiff, while based in California, has offered for sale, advertised, and sold its distilled spirits domestically and internationally for years.

14. Plaintiff owns a valid federally registered trademark for the word mark STITZEL in International Class 033 for distilled spirits. U.S. Registration No. 3113783 was filed on October 04, 2004, and registered on July 11, 2006 (attached herewith as **Exhibit A**).

15. Plaintiff's registration for the mark STITZEL is valid, subsisting, and conclusive evidence of the validity of the mark, Plaintiff's ownership of the mark, and Plaintiff's exclusive right to use the mark STITZEL in commerce on or in connection with the goods and services specified therein.

16. Plaintiff has used and uses the mark STITZEL as an indication of source in marketing, promotion, offers for sale, and sales of distilled spirits, including bourbon whiskey.

17. Plaintiff has used and uses the mark STITZEL in commerce as a word mark and a stylized logo in its advertising and sale of distilled spirits, including bourbon or whiskey, and has

-4-
PLAINTIFF'S COMPLAINT FOR TRADEMARK INFRINGEMENT                                              Case No.:

1  used the mark in commerce out of its California offices since at least as early as 2003.

   **B.   Defendants' Infringing Acts**

   18.   Upon information and belief, Defendants individually and collectively are involved in the distilling, distribution, marketing, offering for sale, and/or sales of distilled spirits, such as bourbon whiskey, marketed and sold using the unregistered mark STITZEL-WELLER, and variants of that mark.

   19.   Upon information and belief, Defendants advertise and market their distilled spirits, including namely bourbon whiskey, and have marketed, sold, offered for sale, and/or distributed their products in at least several states throughout the United States, including a bourbon whiskey advertised with the unregistered mark STITZEL-WELLER, and variants of that mark.

   20.   Defendants emphasize the word STITZEL-WELLER in their branding, marketing, and advertising distilled spirits, including, for example, on the labels of Defendants' bourbon whiskey products, including placement of the mark in multiple places on the bottle, including the middle of the label and around the neck at the top of the label, as depicted in the images below.




-5-
PLAINTIFF'S COMPLAINT FOR TRADEMARK INFRINGEMENT                              Case No.:

21. Below is an additional image of one of Defendants' labels, showing the use of STITZEL-WELLER DISTILLERY as an indication of source, sponsorship and/or affiliation.



22. Diageo, through the filing of applications for various trademarks, seeks to register the marks STITZEL-WELLER, SW STITZEL-WELLER, STITZEL-WELLER DISTILLERY, and STITZEL-WELLER each for various International Classes related to alcoholic beverages, distillery services, beverage glassware, and other products.  (Serial Nos. 86/352,064, 86/356,224, 86/356,228, and 86/356,231, collectively, the "STITZEL-WELLER Marks".)

| Serial No. / STITZEL-WELLER's Mark / Date Filed | Goods/Services |
|---|---|
| **STITZEL-WELLER**<br><br>Serial No. 86/352,064<br><br>July 30, 2014 | IC 016: G & S: Paper, posters, photographs, stationery; printed matter, namely, newsletters and brochures all in the fields of alcoholic beverages and distillation of alcoholic beverages; Coasters of paper<br><br>IC 021: G & S: Beverage glassware, and coasters not of paper and not being table linen<br><br>IC 025: G & S: T-shirts, shirts, tank tops, sleepwear, caps, hats |
| **STITZEL-WELLER DISTILLERY**<br><br>Serial No. 86/356,228<br><br>August 4, 2014 | IC 016: G & S: Paper, posters, photographs, stationery; printed matter, namely, newsletters and brochures all in the fields of alcoholic beverages and distillation of alcoholic beverages; Coasters of paper |

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

| | |
|---|---|
| *Stitzel-Weller Distillery* | IC 021: G & S: Beverage glassware, and coasters not of paper and not being table linen<br><br>IC 025: G & S: T-shirts, shirts, tank tops, sleepwear, caps, hats<br><br>IC 035: G & S: Retail store services featuring alcohol and alcohol based beverages and also featuring branded merchandise, namely, apparel and apparel accessories, housewares, jewelry, gift novelties, and office and stationery supplies<br><br>IC 040: G & S: Alcohol distillery services<br><br>IC 041: G & S: Educational and entertainment services, namely, guided tours of a distillery and adjoining visitor center featuring information regarding alcoholic beverages, brand history and distillation processes |
| **SW STITZEL-WELLER**<br><br>Serial No. 86/356,224<br><br>August 4, 2014 | IC 016: G & S: Paper, posters, photographs, stationery; printed matter, namely, newsletters and brochures all in the fields of alcoholic beverages and distillation of alcoholic beverages; Coasters of paper<br><br>IC 021: G & S: Beverage glassware, and coasters not of paper and not being table linen<br><br>IC 025: G & S: T-shirts, shirts, tank tops, sleepwear, caps, hats<br><br>IC 035: G & S: Retail store services featuring whiskey and whiskey based beverages and also featuring branded merchandise, namely, apparel and apparel accessories, housewares, jewelry, gift novelties, and office and stationery supplies |
| **STITZEL-WELLER**<br><br>Serial No. 86/356,231<br><br>August 4, 2014 | IC 016: G & S: Paper, posters, photographs, stationery; printed matter, namely, newsletters and brochures all in the fields of alcoholic beverages and distillation of alcoholic beverages; Coasters of paper<br><br>IC 021: G & S: Beverage glassware, and coasters not of paper and not being table linen<br><br>IC 025: G & S: T-shirts, shirts, tank tops, sleepwear, caps, hats |

PLAINTIFF'S COMPLAINT FOR TRADEMARK INFRINGEMENT                    Case No.:

[Stitzel-Weller logo]

23. Upon information and belief, Diageo did not seek to register the marks STITZEL-WELLER, SW STITZEL-WELLER, STITZEL-WELLER DISTILLERY, and STITZEL-WELLER in International Class 33 because of Allied's previously registered trademark for STITZEL in International Class 33 for distilled spirits.

24. Diageo filed its applications for the STITZEL-WELLER Marks on July 30, 2014, and August 4, 2014, long after Allied commenced use of Allied's STITZEL mark and long after Allied registered that mark in the United States.

25. Defendants' use of the STITZEL-WELLER Marks and other imitations thereof are confusingly similar to Plaintiff's federally registered STITZEL trademark for distilled spirits. The STITZEL-WELLER Marks are each confusingly similar in appearance, sound, meaning, and commercial impression to Allied's STITZEL mark.

26. Each of the STITZEL-WELLER Marks contains Allied's Mark "STITZEL," spelled the same way, as the first word in each of the STITZEL-WELLER Marks.

27. Defendants' use of the STITZEL-WELLER Marks and other imitations thereof are in direct competition with Plaintiff's federally registered STITZEL trademark for distilled spirits.

28. Defendants and Plaintiff are in the same industry, distilled spirits, and sell the same products, including specifically whiskey and bourbon whiskey, to the same target customers.

29. Defendants and Plaintiff advertise, distribute, and sell their alcohol-related

1 products in the same or similar trade channels, including at retail store locations specifically
2 tailored to limited production, rare, hand crafted, craft, and/or small batch distilled spirits,
3 namely whiskey and bourbon.

4     30.    Defendants' use of the STITZEL-WELLER Marks and other imitations thereof
5 has caused actual confusion and/or is likely to cause confusion as to source, sponsorship, and/or
6 affiliation in relation to Plaintiff's federally registered STITZEL trademark for distilled spirits
7 marks.

8     31.    Defendants' use of the STITZEL-WELLER Marks and other imitations thereof
9 harms Plaintiff's goodwill and dilutes Plaintiff's trademarks and trade names.

10     32.    Plaintiff is informed and believes, and thereon alleges, that Defendants will
11 continue to use the STITZEL-WELLER Marks unless enjoined from its use.  Thus, Defendants'
12 use of the STITZEL-WELLER Marks will continue to harm Plaintiff's goodwill and will
13 continue to dilute Plaintiff's mark and trademark rights unless enjoined.

14     33.    Upon information, Defendants' use of STITZEL-WELLER Marks on its distilled
15 spirits including bourbon whiskey product has caused and/or will cause Plaintiff immediate and
16 irreparable harm.

17     34.    Upon information and belief, the distilled spirits market is comprised of many
18 small manufacturers, including Plaintiff, and a small number of large international
19 conglomerates, Diageo included.  Upon information and belief, large distributors are extremely
20 hesitant and/or completely unwilling to adopt and advertise a small brand if there is a potential of
21 confusion over the brand's name with similar and/or competitive products.  Upon information
22 and belief, Plaintiff has been and will continue to be unable to be adopted in the marketplace and
23 marketed by one of the large distributors because of Defendants' confusingly similar use of the
24 STITZEL-WELLER Marks on distilled spirits.

25     35.    Unless restrained and enjoined, Defendants will continue to engage in the acts
26 complained of herein and expand its use of Plaintiff's marks and trade name, causing irreparable
27 damage to Plaintiff.  Plaintiff's remedy at law is not adequate to compensate Plaintiff' for all the
28 injuries resulting from Defendants' actions.

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

PLAINTIFF'S COMPLAINT FOR TRADEMARK INFRINGEMENT     Case No.:

36. Defendants are not affiliated with Plaintiff. Defendants' use of the STITZEL-WELLER Marks is not authorized by Plaintiff.

### FIRST CLAIM FOR RELIEF
### TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114 *ET. SEQ.*; 15 U.S.C. § 1125(A) *ET SEQ.*)

37. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 36 inclusive, and incorporates them as though fully set forth herein.

38. As set forth above, Plaintiff is the owner of the registered trademark for the Plaintiff word mark identified above. Plaintiff has used its marks continuously in commerce for each of its products, including those described above, and said marks identify the goods and services of Plaintiff, only, and distinguishes those products because of their long use by Plaintiff and its affiliation with the other partner companies that are authorized to advertise, distribute and/or sell Plaintiff's products.

39. Defendants' activities constitute infringement of Plaintiff's trademarks in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1114(a) and 15 U.S.C. § 1125(a).

40. Defendants' wrongful conduct includes the advertising, distribution and/or sales of each and every product sold using the STITZEL-WELLER Marks that are confusingly similar and almost identical to Plaintiff's STITZEL marks. Whether imitation, or confusingly similar and deceptive, the infringing products that Defendants have created, used, offered, advertised, distributed, offered for sale, and/or sold and are continuing to create, use, offer, advertise, distribute, offer for sale, and/or sell under the STITZEL-WELLER Marks are so similar to genuine products bearing Plaintiff's STITZEL mark that they cause actual confusion and/or are likely to cause confusion and mistake as to the source of the product and/or ownership, sponsorship, or affiliation of Plaintiff's products.

41. On information and belief, and thereon alleged, Defendants have developed, advertised, marketed and/or distributed its infringing products with the knowledge of Plaintiff's registered trademark and trade name and with willful and calculated purposes of (a) misleading, deceiving or confusing customers and the public as to the origin of the infringing

-10-

1 products/materials and (b) trading upon Plaintiff's business reputation and goodwill.  At a
2 minimum, Defendants acted with knowledge and reckless disregard of Plaintiff's registered and
3 common law trademarks and trade name, including, for example, applying for trademarks
4 outside International Class 33 in an effort to avoid refusals based on Plaintiff's registered
5 STITZEL mark.

6      42. As a result of its wrongful conduct, Defendants are liable to Plaintiff for
7 trademark infringement.  Plaintiff has suffered, and will continue to suffer, losses, including, but
8 not limited to, damage to its business reputation and goodwill.  Plaintiff is entitled to recover
9 damages, which include its losses and all profits Defendants have made as a result of its
10 wrongful conduct, pursuant to 15 U.S.C. § 1117(b).

11      43. Upon information and belief, Defendant is now and will continue infringing
12 Plaintiff's registered trademark.

13      44. Plaintiff also is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a), as it
14 has no adequate remedy at law as Defendants continue to develop, advertise, offer for sale,
15 and/or sell their products to the same or similar consumers as Plaintiff as well as through the
16 same channels, including the distributors and Internet.  On information and belief, Plaintiff
17 cannot get into larger markets because of Defendants' unauthorized use of confusingly similar
18 marks.  On information and belief and thereon alleged, Defendants may expand their presently
19 available STITZEL product lines.  Lastly, Plaintiff is entitled to injunctive relief as its business
20 reputation and goodwill will be irreparably harmed if Defendants' wrongful activities continue
21 and consumers and/or potential consumers and the public are confused and/or are likely to
22 become further confused, mistaken or deceived as to the source, origin, or authenticity of the
23 infringing materials.

24      45. Plaintiff also is entitled to recover its attorneys' fees and costs of suit pursuant to
25 15 U.S.C. § 1117.

26      WHEREFORE, Plaintiff prays for judgment, damages, and injunctive relief against
27 Defendants as set forth below.
28 ///

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

-11-

PLAINTIFF'S COMPLAINT FOR TRADEMARK INFRINGEMENT  Case No.:

**SECOND CLAIM FOR RELIEF**
**DECLARATORY JUDGMENT OF LIKELIHOOD OF CONFUSION**
**(15 U.S.C. § 1114 *ET. SEQ.*; 15 U.S.C. § 1125(A) *ET SEQ.*)**

46. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 45 inclusive, and incorporates them as though fully set forth herein.

47. A valid and justiciable controversy has arisen and exists between Plaintiff and Defendant. Plaintiff seeks a judgment declaring that Defendant is infringing Plaintiff's registered trademark and that Defendants' use of the STITZEL-WELLER Marks for distilled spirits, including but not limited to whiskey and bourbon, is likely to cause confusion as to source, affiliation, and/or sponsorship with respect to Plaintiff's registered trademark for STITZEL for distilled spirits.

WHEREFORE, Plaintiff prays for declaratory relief as set forth above and below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That the Court enter a judgment against Defendants, finding that Defendants have:

    a. Willfully infringed Plaintiff's rights in its federally registered trademark;

    b. Committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading advertising against Plaintiff;

    c. Committed and are committing unfair business competition by and through deceptive advertising and false designations of origin; and

    d. Otherwise injured the business reputation, goodwill and business of Plaintiff and irreparably harmed Plaintiff by the acts and conduct set forth in this Complaint.

2. That the Court issue temporary and permanent injunctive relief against Defendants, and each of them, and that Defendants, their agents, representatives, servants, employees, attorneys, successors and assignees and all others in active concert or participation with Defendants, be enjoined and restrained from:

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

      a.    Imitating, copying, or making any other infringing use or infringing distribution of the products or materials protected by Plaintiff's trademark;

      b.    Manufacturing, distilling, producing, distributing, offering for distribution, selling, offering for sale, advertising, importing, promoting, or displaying any products, items, or other things bearing any simulation, reproduction, copy, or colorable imitation of products, items or things protected by Plaintiff's trademark;

      c.    Using any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered trademark in connection with the manufacture, distilling, production, distribution, offering for distribution, sale, offering for sale, import, advertising, promotion, or display of any product, item or thing, including alcohol and distilled spirits and related materials not authorized by Plaintiff;

      d.    Using any false designation of origin, false or misleading description, or false or misleading representation or name that can or is likely to lead the industry or public to believe erroneously that any product, item or thing has been manufactured, distilled, produced, distributed, offered for distribution, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Plaintiff, when such is not true in fact;

      e.    Using the names, logos, or other variations thereof, of any of Plaintiff's trademark protected products and materials in any of the Defendants' trade or corporate names or products;

      f.    Engaging in any other activity constituting an infringement of any of Plaintiff's trademarks, and/or trade name or of Plaintiff's rights in or right to use to exploit, these trademarks and/or trade name; and

      g.    Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in

PLAINTIFF'S COMPLAINT FOR TRADEMARK INFRINGEMENT    Case No.:

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

subparagraphs a. through f. above.

3. That the Court enter an order requiring that Defendants expressly abandon their trademark applications containing the mark STITZEL or STITZEL-WELLER or any confusingly similar variation.

4. That the Court enter an order requiring Defendants to provide Plaintiff a full and complete accounting of all profits received by Defendants from their distribution or sale of counterfeit, imitation and infringing products and/or materials, and of any other amounts due and owing to Plaintiff as a result of Defendants' illegal activities.

5. That the Court order Defendants to pay Plaintiff's general, special, actual and statutory damages, including Defendants' profits, for Defendants' willful infringement of Plaintiff's trademarks.

6. That the Court order Defendants to pay Plaintiff the costs of this action and the reasonable attorneys' fees incurred by Plaintiff in prosecuting this action.

7. That the Court enter an order that Defendants' use of the STITZEL-WELLER Marks is confusingly similar to Allied's STITZEL Mark.

8. That the Court grant to Plaintiff such other and additional relief as may be just and proper.

Dated: July 2, 2015                                  GORDON & REES LLP


                                                     By:   */s/ Robert Andris*
                                                           Robert P. Andris  (SBN: 130290)
                                                           Michael D. Kanach  (SBN: 271215)
                                                           Attorneys for Plaintiff
                                                           ALLIED LOMAR, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment to the Constitution of the United States, Plaintiff hereby demands a trial by jury of all issues triable in the above action.

Dated: July 2, 2015                                      GORDON & REES LLP

By:   */s/ Robert Andris*
Robert P. Andris  (SBN: 130290)
Michael D. Kanach  (SBN: 271215)
Attorneys for Plaintiff
ALLIED LOMAR, INC.

PLAINTIFF'S COMPLAINT FOR TRADEMARK INFRINGEMENT                                   Case No.: